THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
MELANIE HANSON SARTORIS
Assistant United States Attorney
California Bar Number: 217560
     1200 United States Court House
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-5615
     Facsimile: (213) 894-0141
     E-mail:    Melanie.Sartoris@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR No. 08-00607-PA |
| Plaintiff, | ) <u>PLEA AGREEMENT FOR DEFENDANT</u> <u>GREGORY BRYAN RUSH</u> |
| v. | ) |
| GREGORY BRYAN RUSH, | ) |
| Defendant. | ) |

1. This constitutes the plea agreement between Gregory Bryan Rush ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

<u>PLEA</u>

2. Defendant agrees to plead guilty to the single count of the indictment in the above-referenced case.

## NATURE OF THE OFFENSES

3. In order for defendant to be guilty of the single count in the indictment, which charges a violation of Title 18, United States Code, Section 2252A(a)(5)(B) (possession of child pornography), the following must be true:

    a. Defendant knowingly possessed matters which the defendant knew contained visual depictions of minors engaged in sexually explicit conduct;

    b. Defendant knew each visual depiction contained in the matters showed minors engaged in sexually explicit conduct;

    c. Defendant knew that production of such visual depictions involved use of a minor in sexually explicit conduct; and

    d. Each visual depiction had been either (a) mailed/shipped/transported in interstate or foreign commerce by computer, or (b) produced using material that had been mailed/shipped/transported in interstate or foreign commerce by computer or other means.

Defendant admits that defendant is, in fact, guilty of this offense as described in the single count in the indictment.

## PENALTIES AND RESTITUTION

4. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2252A(a)(5)(B), is: 10 years imprisonment; a lifetime of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100. The statutory mandatory

minimum length of supervised release for a violation of 18 U.S.C. § 2252A(a)(5)(B) is five years. 18 U.S.C. § 3583(k). However, if defendant's violation of Title 18, United States Code, Section 2252A(a)(5)(B) occurred subsequent to defendant's conviction for a crime set forth in Title 18, United States Code, Section 2252A(b)(2), the statutory maximum sentence that the Court can impose is: 20 years imprisonment; a lifetime period of supervised release, a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100, and the mandatory minimum sentence that the court must impose is 10 years imprisonment.

5. Defendant understands and agrees that pursuant to 18 U.S.C. § 2259, defendant will be required to make full restitution to the victim(s) of the offenses. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the amount of restitution is not restricted to the amounts alleged in the count to which defendant is pleading guilty and may include losses arising from charges not prosecuted pursuant to this agreement as well as all relevant conduct in connection with those charges. Defendant further agrees that defendant will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

6. Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison

for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7. Defendant understands that as a condition of supervised release, under 18 U.S.C. § 3583(d), defendant will be required to register as a sex offender. Defendant understands that independent of supervised release, he will be subject to federal and state registration requirements, for a possible maximum term of registration up to and including life. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

8. Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

9. Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to deportation, revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

10. Defendant and the USAO agree and stipulate to the statement of facts provided below. This statement of facts is sufficient to support a plea of guilty to the charge described in

this agreement and to establish the sentencing guideline factors set forth in paragraph 14, below. It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

>In 2000 and 2001 defendant subscribed to a group through which defendant traded images of child pornography on the internet.
>
>On November 28, 2007, defendant signed a consent form for law enforcement to seize and examine his internal and external hard-drives from his home desktop computer. On that date, defendant possessed on this computer over 300 images and 15 videos depicting child pornography, including pornographic images of prepubescent minors and sadistic and masochistic video images of minors being raped. Defendant also possessed images of minors with whom he had no personal relationship in swimsuits and halter tops that he had taken with his own camera.
>
>At the time defendant possessed the child pornography, defendant knew that the images / videos were visual depictions of minors engaged in sexually explicit conduct, and that production of such visual depictions involved the use of a minor in sexually explicit conduct. Moreover, the images / videos that defendant possessed had been mailed, or shipped or transported in interstate or foreign commerce by computer.

## WAIVER OF CONSTITUTIONAL RIGHTS

11. By pleading guilty, defendant gives up the following rights:

    a) The right to persist in a plea of not guilty.

    b) The right to a speedy and public trial by jury.

    c) The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial. (In this regard, defendant understands that, despite his plea of guilty, he retains the right to be represented by counsel -- and, if necessary, to have the court appoint counsel if defendant cannot

afford counsel -- at every other stage of the proceeding.)

    d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e) The right to confront and cross-examine witnesses against defendant.

    f) The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

    g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF DNA TESTING

12. Defendant has been advised that the government has in its possession the following items of physical evidence that could be subjected to DNA testing: computer equipment. Defendant understands that the government does not intend to conduct DNA testing of any of these items. Defendant understands that, before entering a guilty plea pursuant to this agreement, defendant could request DNA testing of evidence in this case. Defendant further understands that, with respect to the offense to which defendant is pleading guilty pursuant to this agreement, defendant would have the right to request DNA testing of evidence

6

after conviction under the conditions specified in 18 U.S.C. § 3600. Knowing and understanding defendant's right to request DNA testing, defendant voluntarily gives up that right with respect to both the specific items listed above and any other items of evidence there may be in this case that might be amenable to DNA testing. Defendant understands and acknowledges that by giving up this right, defendant is giving up any ability to request DNA testing of evidence in this case in the current proceeding, in any proceeding after conviction under 18 U.S.C. § 3600, and in any other proceeding of any type. Defendant further understands and acknowledges that by giving up this right, defendant will never have another opportunity to have the evidence in this case, whether or not listed above, submitted for DNA testing, or to employ the results of DNA testing to support a claim that defendant is innocent of the offense to which defendant is pleading guilty.

## SENTENCING FACTORS

13. Defendant understands that the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence and sentencing range established under the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines"), in determining defendant's sentence. Defendant further understands that the Sentencing Guidelines are advisory only, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime of conviction.

14. Defendant and the USAO agree and stipulate to the

following applicable Sentencing Guidelines factors:

| | | | |
|---|---|---|---|
| Base Offense Level | : | 18 | [U.S.S.G. § 2G2.2(a)(1)] |
| Prepubescent Victim | : | +2 | [U.S.S.G. § 2G2.2(b)(2)] |
| Sadistic Images | : | +4 | [U.S.S.G. § 2G2.2(b)(4)] |
| Use of a computer | : | +2 | [U.S.S.G. § 2G2.2(b)(6)] |
| More than 600 images | : | +5 | [U.S.S.G. § 2G2.2(b)(7)(D)] |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Defendant also understands that defendant's base offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. In the event that defendant's offense level is so altered, the parties are not bound by the base offense level stipulated to above.

15. There is no agreement as to defendant's criminal history or criminal history category.

16. Defendant and the USAO, pursuant to the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7), further reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines.

17. The stipulations in this agreement do not bind either the United States Probation Office or the Court. Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the calculation of the sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not error, although each party agrees to

8

maintain its view that the calculations in paragraph 14 are consistent with the facts of this case.

### DEFENDANT'S OBLIGATIONS

18. Defendant agrees that he will:

   a) Plead guilty as set forth in this agreement.

   b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

   c) Not knowingly and willfully fail to: (i) appear for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

   d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

   e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

   f) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

### THE USAO'S OBLIGATIONS

19. If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

   a) To abide by all sentencing stipulations contained in this agreement.

   b) Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. §

371), not to further prosecute defendant for violations of 18 U.S.C. § 2252A(a)(2) (receipt of child pornography) arising out of defendant's conduct described in the stipulated factual basis set forth in paragraph 9 above. Defendant understands that the USAO is free to prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement. Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, where the sentence should fall within that range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the sentencing guidelines and all other relevant factors.

c) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, to recommend a two-level reduction in the applicable sentencing guideline offense level, pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary, move for an additional one-level reduction if available under that section.

## BREACH OF AGREEMENT

20. If defendant, at any time after the execution of this agreement, knowingly violates or fails to perform any of defendant's agreements or obligations under this agreement ("a breach"), the USAO may declare this agreement breached. If the USAO declares this agreement breached at any time following its execution, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea,

defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all of its obligations under this agreement.

21. Following the Court's finding of a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

b) Defendant gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such prosecution or action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any such prosecution of or action against defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

22. Defendant gives up the right to appeal any sentence imposed by the Court, including any order of restitution, the length of supervised release, and the manner in which the sentence is determined, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, and (b) the Court imposes a sentence within or below the range corresponding to a total offense level of 31, and the applicable criminal history category as determined by the Court. Notwithstanding the foregoing, defendant retains any ability defendant has to appeal the Court's determination of defendant's criminal history category and the conditions of supervised release imposed by the Court, with the exception of the following:

    a.   conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court;

    b.   The defendant shall use only those computers and computer-related devices, screen user names, passwords, email accounts, and internet service providers (ISPs), as approved by the Probation Officer. Computers and computer-related devices include, but are not limited to, personal computers, personal data assistants (PDAs), internet appliances, electronic games, and cellular telephones, as well as their peripheral equipment, that can access, or can be modified to access, the internet, electronic bulletin boards, and other computers, or similar media;

    c.   All computers, computer-related devices, and their peripheral equipment, used by the defendant, shall be subject to

search and seizure and the installation of search and/or monitoring software and/or hardware, including unannounced seizure for the purpose of search. The defendant shall not add, remove, upgrade, update, reinstall, repair, or otherwise modify the hardware or software on the computers, computer-related devices, or their peripheral equipment, nor shall he/she hide or encrypt files or data without prior approval of the Probation Officer. Further, the defendant shall provide all billing records, including telephone, cable, internet, satellite, and the like, as requested by the Probation Officer;

  d. The defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, as directed by the Probation Officer. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment/placement on probation;

  e. The defendant shall participate in a psychological counseling and/or psychiatric treatment and/or a sex offender treatment program, which may include inpatient treatment, as approved and directed by the Probation Officer. The defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraph and Abel testing. The Probation Officer shall disclose the presentence report and/or any previous mental health evaluations or reports to the treatment provider;

  f. As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the

defendant's psychological/psychiatric disorder(s) to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672. The defendant shall provide payment and proof of payment, as directed by the Probation Officer;

      g. The defendant shall not possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2). The condition prohibiting defendant from possessing materials describing "sexually explicit conduct" does not apply to materials necessary to and used for legal proceedings in this or another criminal prosecution against defendant, including a collateral attack or appeal, or to materials prepared or used for the purposes of defendant's court-mandated sex offender treatment;

      h. The defendant shall not possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing child pornography, as defined in 18 U.S.C. § 2256(8). The condition prohibiting defendant from possessing materials describing child pornography does not apply to materials necessary to and used for legal proceedings in this or another criminal prosecution against defendant, including a collateral attack or appeal, or to materials prepared or used for the purposes of defendant's court-mandated sex offender treatment;

      i. The defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall

he/she open or maintain a post office box, without the prior approval of the Probation Officer;

j.  The defendant shall not frequent, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18;

k.  The defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: (a) in the presence of the parent or legal guardian of said minor; and (b) on the condition that the defendant notify said parent or legal guardian of his/her conviction in the instant offense/prior offense. This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom the defendant must deal with in order to obtain ordinary and usual commercial services

l.  The defendant shall not affiliate with, own, control, volunteer and/or be employed in any capacity by a business and/or organization that causes him/her to regularly contact persons under the age of 18;

m.  The defendant shall not affiliate with, own, control, and/or be employed in any capacity by a business whose principal product is the production and/or selling of materials depicting and/or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2);

n.  The defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer. The defendant shall submit the name and address of the proposed employer to the Probation

1  Officer at least 10 days prior to any scheduled change;
2           o.   The defendant shall not reside within direct view
3  of school yards, parks, public swimming pools, playgrounds, youth
4  centers, video arcade facilities, or other places primarily used
5  by persons under the age of 18.  The defendant's residence shall
6  be approved by the Probation Officer, and any change in residence
7  must be pre-approved by the Probation Officer.  The defendant
8  shall submit the address of the proposed residence to the
9  Probation Officer at least 10 days prior to any scheduled move.
10      23.  The USAO gives up its right to appeal the sentence,
11 provided that (a) the sentence is within the statutory maximum
12 specified above and is constitutional, and (b) the Court imposes
13 a sentence within or above the range corresponding to a total
14 offense level of 31, and the applicable criminal history category
15 as determined by the Court.

                RESULT OF VACATUR, REVERSAL OR SET-ASIDE

17      24.  Defendant agrees that if any count of conviction is
18 vacated, reversed, or set aside, the USAO may: (a) ask the Court
19 to resentence defendant on any remaining count of conviction,
20 with both the USAO and defendant being released from any
21 stipulations regarding sentencing contained in this agreement,
22 (b) ask the Court to void the entire plea agreement and vacate
23 defendant's guilty plea on any remaining count of conviction,
24 with both the USAO and defendant being released from all of their
25 obligations under this agreement, or (c) leave defendant's
26 remaining conviction, sentence, and plea agreement intact.
27 Defendant agrees that the choice among these three options rests
28 in the exclusive discretion of the USAO.

## COURT NOT A PARTY

25. The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations. Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. No one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

26. Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

27. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

//
//
//
//

1  This agreement is effective upon signature by defendant and
2  an Assistant United States Attorney.
3  AGREED AND ACCEPTED
4  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF CALIFORNIA
5
   THOMAS P. O'BRIEN
6  United States Attorney

7  _____          9/3/08
                                              _____
8  MELANIE HANSON SARTORIS                    Date
   Assistant United States Attorney
9
10    I have read this agreement and carefully discussed every
11 part of it with my attorney. I understand the terms of this
12 agreement, and I voluntarily agree to those terms. My attorney
13 has advised me of my rights, of possible defenses, of the
14 sentencing factors set forth in 18 U.S.C. § 3553(a), of the
15 relevant Sentencing Guidelines provisions, and of the
16 consequences of entering into this agreement. No promises or
17 inducements have been given to me other than those contained in
18 this agreement. No one has threatened or forced me in any way to
19 enter into this agreement. Finally, I am satisfied with the
20 representation of my attorney in this matter.

21
22 _____          8-29-08
   GREGORY BRYAN RUSH                         Date
23 Defendant

24    I am Gregory Bryan Rush's attorney. I have carefully
25 discussed every part of this agreement with my client. Further,
26 I have fully advised my client of his rights, of possible
27 defenses, of the sentencing factors set forth in 18 U.S.C. §
28 3553(a), of the relevant Sentencing Guidelines provisions, and of

                                      18

the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____    8/29/08
SEYMOUR I. AMSTER              Date
Counsel for Defendant
GREGORY BRYAN RUSH